IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL KENNEY, individually and on behalf of all others similarly situated,

    Plaintiff,

V.

JACKSONVILLE SPINE CENTER, P.A., d/b/a JAX SPINE & PAIN CENTERS,

    Defendant
_____/

CASE NO. 3:22-705

<u>CLASS REPRESENTATION</u>

## NOTICE OF REMOVAL

Defendant Jacksonville Spine Center, P.A. d/b/a Jax Spine & Pain Centers ("Jax Spine"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the Fourth Judicial Circuit in and for Duval County, where the action is now pending as Case No. 2022-CA-002815-XXXX-MA Div: CV-E (the "State Court Action"), to the United States District Court for the Middle District of Florida, Jacksonville Division.

## BACKGROUND

1. On May 19, 2022, Plaintiff commenced the State Court Action. The Complaint is styled as a putative class action and asserts that Jax Spine was negligent in relation to Plaintiff and the putative class regarding data security,

resulting in a breach of patient data. The Complaint also asserts claims for breach of implied contract, unjust enrichment, breach of fiduciary duty, conversion and invasion of privacy. Jax Spine has not yet answered the Complaint.

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief."

3. Here, the Complaint was served May 26, 2022. Thirty days from May 26, 2022 would land on Saturday, June 25, 2022.

4. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

5. Accordingly, this Notice of Removal is timely filed. *See Davis v. Clayman*, No. 3:18-CV-453-J-34JBT, 2018 WL 1959805, at *2 (M.D. Fla. Apr. 26, 2018) (applying Fed. R. Civ. P. 6(a) to question of timeliness of removal); *see also Wells v. Gateways Hosp. & Mental Health Ctr.*, No. 95–55915, 1996 WL 36184, at *1 (9th Cir. Jan. 23, 1996) (finding, under Rule 6(a), that defendant's removal was timely on the 31st day after service because the 30th day landed on a

weekend); *McKinney v. Bd. of Trs. of Md. Comm. College,* 955 F.2d 924, 925 n. 2 (4th Cir. 1992) (same).

## JURISDICTION

6. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in scattered sections of 28 U.S.C.

7. CAFA confers federal jurisdiction over class actions where: (*i*) there is minimal diversity of citizenship between the parties; (*ii*) the proposed class contains at least 100 members; and (*iii*) the amount in controversy is at least $5 million in the aggregate. 28 U.S.C. § 1332(d)(2). Removal is authorized by 28 U.S.C. §§ 1441, 1446, & 1453

8. CAFA defines "class action" to include actions filed under Fed. R. Civ. P. 23 "or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*. § 1332(d)(1)(B). This is a "class action" because it is a civil action filed under a state statute or rule of judicial procedure – Florida Rule of Civil Procedure 1.220 – authorizing an action to be brought by one or more representative persons as a class action. Ex. A (Compl.) ¶ 80.

**The Required Number of Class Members is Met**.

9. The Complaint asserts that the number of proposed class members is in the "tens or hundreds of thousands."[1] Ex. A (Compl.) ¶ 83. Accordingly, the jurisdictional requirement that the members of all proposed plaintiff classes in the aggregate number of at least one hundred is met. 28 U.S.C. § 1332(d)(5)(b); *Lemy v. Direct Gen. Fin. Co.*, 2012 WL 13106404, at *2 (M.D. Fla. May 14, 2012) (finding jurisdictional requirement met where complaint alleged class comprises "many thousands").

**The Minimal Diversity Requirement is Met**

10. To establish minimal diversity under CAFA, "any member of a class of plaintiffs [must be] a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Thus, in analyzing whether minimal diversity exists, the citizenship of each member of the proposed class is evaluated to determine whether any plaintiff is a citizen of a state different from any defendant. *Id.* § 1332(d)(1)(D), (d)(2)(A). Citizenship of the putative class members is determined as of the date the complaint is filed. *Id.* § 1332(d)(7).

11. Jax Spine is a Florida corporation with its principal place of business in Florida. If any member of the proposed class was a citizen of any state other

---

[1] The Complaint also asserts that Jax Spine reported 38,000 individuals affected by the alleged data breach, and cites an article stating that cybercriminals stated there were 260,000 affected individuals. Ex. A (Compl.) ¶¶ 28 – 29.

than Florida when the Complaint was filed, the requirement of minimal diversity is met.

12. Here, the Complaint asserts claims on behalf of thousands of putative class members, which plaintiff alternatively describes as "individuals whose PII and/or PHI was accessed and/or exfiltrated during the Data Breach" Ex. A (Compl.) ¶ 16, and later defined as "[a]ll Florida residents who are current and former patients of Jax Spine whose PII and/or PHI was accessed and/or exfiltrated during the Data Breach." *Id.* at ¶ 80. Notably, the Complaint does not limit the proposed class to *citizens* of Florida, which is what is necessary for purposes of diversity jurisdiction.

13. Specifically, for purposes of diversity jurisdiction, a natural person is a citizen of the state in which he is "domiciled." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom[.]'" *Id.* at 1257–58. Citizenship consists of two elements: residency in a state and intent to remain in that state. *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021).

14. Residency while is necessary, is insufficient, to establish citizenship in a state. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Courts look to various factors in determining a person's intent to remain in a state,

including: the location of real and personal property, business ownership, employment records, the location of bank accounts, payment of taxes, voter registration, vehicle registration, driver's license, membership in local organizations, and sworn statements of intent. *See, e.g.*, *Sunseri v. Macro Cellular Partners,* 412 F.3d 1247, 1249 (11th Cir. 2005).

15. Here, the proposed class, likewise, includes individuals with local addresses in Florida, as well as permanent addresses outside of Florida.

16. For avoidance of doubt, declarations are submitted herewith demonstrating that citizens of states other than Florida are members of the proposed class. *See* Declaration of Walter Tache, attached as Exhibit B; Declaration of Gary Marcelin, attached as Exhibit C.

## The Amount in Controversy Threshold is Met

17. The Complaint alleges that there are at least 38,000 individuals affected by the alleged data breach, and as many as 260,000 individuals, each of whom may be potential class members. Ex. A (Compl.) ¶¶ 28 – 29.

18. The Complaint alleges that Plaintiff and the proposed class members have suffered loss of time and money resolving fraudulent charges; loss of time and money obtaining protections against future identity theft; financial losses related to the treatment Plaintiff and proposed class members paid for to Jax Spine; lost control over the value of PII; unreimbursed losses relating to

fraudulent charges; losses relating to exceeding credit and debit card limits and balances; harm resulting from damaged credit scores and information; emotional anguish; increased risk of identity theft and fraud, and other harm resulting from the unauthorized use or threat of unauthorized use of stolen personal information, including personal health information. Ex. A (Compl.) ¶ 113. Plaintiff and the proposed class further seek interest and an award of attorneys' fees and costs.  Ex. A (Compl.) pg. 40.

19. With regard to the damages related to an identity theft incident, the Complaint alleges that the "average total cost to resolve an identity theft-related incident ... came to about $20,000.00 per person."  Ex. A (Compl.) ¶ 59.

20. It is evident from the face of the Complaint that a fact-finder could legally conclude that aggregate damages are greater than $5 million.

21. Although Jax Spine strongly disputes Plaintiff's entitlement to recover any damages in this action, here, Plaintiff claims the average amount to resolve an identity theft incident is $20,000. *Id.*  At that average amount, there would only need to be 250 possible class members to reach the $5,000,000 threshold. Alternatively, if 38,000 proposed class members were to obtain recovery of just $131.58, the amount in controversy easily would exceed $5 million.

7

22. As the Eleventh Circuit has noted, "[a]ny inquiry into whether [a plaintiff] *would* actually recover these amounts is unnecessary and inappropriate. For the purposes of establishing jurisdiction, it is enough to show that he *could*." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731–32 (11th Cir. 2014) ("'[U]nless recovery of an amount exceeding the jurisdictional minimum is legally impossible, the case belongs in federal court.'") (internal citations omitted).

### Filing with the Circuit Court of the Fourth Judicial Circuit in and for Duval County; Right to Amend

23. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County and is being served on Plaintiff.

24. Jax Spine reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Jacksonville Spine Center, P.A. respectfully requests that the State Court Action now pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, bearing Case No. 2022-CA-002815-XXXX-MA Div: CV-E, be removed to this Court, and asks that this Court make and enter such further orders as may be necessary and proper.

Dated: June 27, 2022                    Respectfully submitted,

                                                  _/s/ Walter J. Taché_____
Walter J. Taché, FBN 028850
wtache@tachebronis.com
Marissel Descalzo, FBN 669318
mdescalzo@tachebronis.com
Magda C. Rodriguez, FBN 72688
mrodriguez@tachebronis.com
service@tachebronis.com
TACHE, BRONIS, AND
DESCALZO, P.A.
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Tel: (305) 537-9565
Fax: (305) 537-9567
*Attorneys for Defendant*
*Jacksonville Spine Center, P.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by email to the following:

Edmund A. Normand, Esq.
ed@ednormand.com
ean@normandpllc.com
**NORMAND, PLLC**
3165 McCrory Place, Suite 175
Orlando, FL 32803
Tel: (407) 603-6031

and

Christopher D. Jennings*
Nathan I. Reiter III*
chris@yourattorney.com
nathan@yourattomey.com
**THE JOHNSON FIRM**
610 President Clinton Ave., Suite 300
Little Rock, AR 72201
Tel: (501) 372-1300

                                                  */s/ Walter J. Taché*_____
                                                  Walter J. Taché, FBN 028850